JOSEPH WOLPERT et al., complainants,

*v.*

PALISADE GARDENS, INC., a corporation, &c., et al.,
defendants.

[Decided January 9th, 1940.]

*Mr. Le Roy Vander Burgh,* for the complainants.

*Mr. Anthony J. Armore,* for the defendant Palisade Gardens, Inc.

*Mr. Voorhees Kline,* for the defendant Belle Mead Development Corporation.

KAYS, V. C.

The bill in this case was filed to compel the performance of a written contract between the complainant and the defendant Palisade Gardens, Inc., which contract called for the conveyance of two lots in the borough of Fort Lee, Bergen county.

The contract is dated July 19th, 1927. The consideration was to be $3,450 payable $480 in cash and the balance of $80 per month until the entire amount was paid. Complainant paid $480 and made certain installment payments

irregularly. On July 28th, 1931, a supplemental contract was entered into between the parties which showed a balance due of $2,370.79. The supplemental contract provides for the payment of $1,000 upon the signing of the same and installments of $50 per month. The $1,000 was paid. Shortly after the making of the supplemental contract the State Highway Commission negotiated for the acquirement of a portion of the property. In March, 1932, an award was made, in a condemnation proceeding, in the sum of $2,164.75. In the meantime certain taxes and assessments had become due. There was due to the Palisade Gardens, Inc., $1,429.35 principal and interest. The complainant satisfied the tax sale lien. The check for the award in condemnation proceedings received from the State Highway Commission was made payable to Palisade Gardens, Inc., endorsed by it and turned over to the complainant. The following payments were made: $672.78 for taxes; $300 to complainant's counsel; $927.90 to Palisade Gardens, Inc., and $265.07 to the complainant. This left a balance due to Palisade Gardens, Inc., of $501.45. Complainants made no further payments to the defendant. Complainants testified that the defendant Palisade Gardens, Inc., instructed them not to pay any further tax, assessments or installments because Palisade Gardens, Inc., was protesting the amount of taxes and assessments and that the complainants would be notified when the dispute over the same was settled, at which time complainants could pay the balance of the purchase price and obtain a deed. The matter drifted along until February 20th, 1938, when the defendant Palisade Gardens, Inc., notified the complainants that the contract was at an end. In the meantime complainants had connected the buildings on said premises with the borough sewer and water mains and had erected a roadstand on the premises. Defendant claims that it had notified complainants about November, 1937, to pay the balance and receive the deed according to the terms of the contract. After receiving notice, the complainants, with their attorney, had several conferences with the defendant Palisade Gardens, Inc., relative to the closing of the contract.

Defendant contends that complainants agreed to pay, in addition to the amount mentioned in the contract, a proportionate share of a mortgage which covered the premises in question which mortgage was held by Belle Mead Development Corporation. This was denied by the complainants. If such an agreement existed it was not in writing. The contract provided that the property should be conveyed free and clear of all encumbrances.

I am of the opinion that the conduct of the parties clearly indicates that time was not of the essence of the contract. The Palisade Gardens, Inc., allowed the complainants to make payments irregularly and accepted the same. The demand which was claimed to have been made by the defendant Palisade Gardens, Inc., in November, 1937, for the closing of the contract fixed no day for the transaction. No action was taken to cancel the contract until February 20th, 1938, after which several conferences were held in an effort to settle the matter out of court. Under the circumstances the complainants are not in laches and the contract is still in effect. The defendant Belle Mead Development Corporation, the mortgagee, stipulated in court that it was willing to release the mortgage covering the premises for the amount which the complainants and Palisade Gardens, Inc., agreed was a proper amount to be paid for such release. The prayer of the complainants, therefore, will be granted upon the payment of $501.45, the amount stipulated by counsel to be due, for which the defendant Palisade Gardens, Inc., shall convey to the complainants the property in question free and clear of all encumbrances.